UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL BROWN, JR.,

        Plaintiff,

v.

        Case No. 24-13391
        U.S. DISTRICT COURT JUDGE
        GERSHWIN A. DRAIN

HOSPITAL SECURITY
OFFICERS, *et al.*,

        Defendants.

_____/

## **ORDER DISMISSING PLAINTIFF DANIEL BROWN, JR.'S COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 4(M) AND 41(B)**

Plaintiff Daniel Brown, Jr. initiated this action on December 16, 2024 by filing a *pro se* complaint against unidentified "Hospital Security Officers, employed by Ascension Macomb-Oakland Hospital," and "Warren Police Officers, whose identities will be disclosed upon discovery." ECF No. 1, PageID.1-2. He is proceeding *in forma pauperis*. In January 2025, the Court issued an order directing Plaintiff to properly identify the defendants so that the United States Marshals Service could effectuate service of summons. ECF No. 6. Plaintiff failed to do so by the deadline set forth in that order, prompting the Court to issue a show cause order.

In response to that order, Plaintiff explained that he had "diligently undert[aken] reasonable and necessary steps to ascertain the identities of the Defendants," to no avail. ECF No. 8, PageID.18. To rectify the issue, Plaintiff moved "for the issuance of a subpoena duces tecum compelling Ascension Macomb-Oakland Hospital and the Warren Police Department to produce documents explicitly identifying the names, badge numbers, employment designations, shift assignments, and incident logs relevant to Plaintiff's allegations." *Id.*

On June 10, 2025, the Court issued an order explaining that while, as a party proceeding *in forma pauperis*, Plaintiff is entitled to service of subpoenas by an officer of the Court at the expense of the United States, this entitlement applies only to the *service* of subpoenas, not their preparation. The order directed Plaintiff to complete and submit the requisite subpoenas to the Court by July 7, 2025, warning Plaintiff that "[f]ailure to comply with this deadline may result in dismissal of this action pursuant to Federal Rules of Civil Procedure 4(m) and/or 41(b)." ECF No. 9, PageID.25. To date, the Court has not received these subpoenas.

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant[.]" Fed. R. Civ. P. 4(m). Additionally, Rule 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure]

2

or a court order." Fed R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962).

Dismissal of Plaintiff's complaint is appropriate under both rules. Plaintiff has failed to provide the Court with the subpoenas necessary to identify the defendants he intends to sue, which, under the circumstances, is an essential step in effectuating service of summons. Moreover, he has not complied with the Court's deadline for submitting those subpoenas.

Accordingly, Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

Dated: July 31, 2025 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 31, 2025, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager